UNITED STATES DISTRICT COURT
District of Maine

| | | |
|---|---|---|
| LOWELL GARDNER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:13-cv-331-GZS |
| | ) | |
| RICHARD THOMAS, et al., | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

## ORDER AFFIRMING THE RECOMMENDED DECISION
## & DENYING THE MOTION TO AMEND

The United States Magistrate Judge filed with the Court on November 18, 2013, her Recommended Decision (ECF No. 21). Plaintiff filed his Objection to the Recommended Decision (ECF No. 22) on December 5, 2013. Defendants filed their Response to Plaintiff's Objection to the Recommended Decision (ECF No. 23) on December 23, 2013. On January 2, 2014, Plaintiff filed his Motion to Amend the Complaint (ECF No. 24). Defendants filed their response to the Motion to Amend on January 23, 2014 (ECF No. 26).

I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; I have made a <u>de novo</u> determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision, and determine that no further proceeding is necessary.

Furthermore, I deny Plaintiff's Motion to Amend (ECF No. 24) for being untimely and futile. Plaintiff filed his Motion to Amend on January 2, 2014 – well after the November 18,

2013 filing of the Recommended Decision and the November 22, 2013 deadline for amendment of pleadings. While Federal Rule of Civil Procedure 15(a) requires that leave to amend pleadings be "freely given when justice so requires," once the court's scheduling order deadline for amendments passes this standard becomes "compounded with [Rule 16(b)'s] higher standard." Fed. R. Civ. P. 15(a); El-Hajj v. Fortis Benefits Ins. Co., 156 F. Supp. 2d 27, 34 (D. Me. 2001). Rule 16's more demanding standard requires "good cause" be shown in order to modify the scheduling order and "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Fed. R. Civ. P. 16(b)(4); Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004). A plaintiff seeking to belatedly amend his complaint must support his motion with "substantial and convincing evidence." Id. (citing Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994). Notably, even a timely motion for leave to amend is properly denied when the proposed amendments would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962); Chiang v. Skeirik, 582 F.3d 238, 243-44 (1st Cir. 2009).

In his Motion to Amend, Plaintiff falls far short of establishing good cause for failing to request an extension of the amended pleadings deadline. Indeed, the only justification Plaintiff offers is that he "seeks leave to amend his Complaint to address the issues raised in the Recommended Decision" and that he wishes to "correct the purported deficiencies identified by the Recommended Decision." Mot. to Amend at 2. Simply put, Plaintiff fails to satisfy Rule 16(b)(4)'s good cause standard. The additional factual allegations Plaintiff states regarding Counts VII and VIII were within his knowledge well before he initiated the instant matter. (See Second Am. Compl. at ¶73-107, ECF No. 25 (stating that Defendants Richard Thomas, Lawrence Barrett, and Kim Ehrlich undertook to strip Plaintiff of his tenure, seniority in the

Automotive Department, and his Chairmanship of the Automotive Department; also expounding on certain concerns Plaintiff voiced at a November 15, 2011, meeting).)

Even if Plaintiff were to have demonstrated good cause for his tardy amendment, I find such an amendment would be futile. With respect to Count VII, Plaintiff fails to plead any additional allegations describing either the "stigma" or "plus" associated with the "stigma-plus" standard elucidated in Paul v. Davis, 424 U.S. 693 (1976). While a closer call, Plaintiff's Count VIII is similarly fated: Plaintiff's additional allegations do not support a plausible inference that he spoke out as a public citizen on a matter of public concern rather than as an instructor with a professional interest in the Automotive Department's operation and as someone with a personal interest in his standing within the Department.

1. It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **AFFIRMED**.

2. It is hereby **ORDERED** that the Defendants' Motion to Dismiss (ECF No. 13) is **GRANTED** with respect to the federal claims (Count VII and Count VIII) and the supplemental state law claims are **REMANDED** to the Penobscot County Superior Court.

3. It is also hereby **ORDERED** that the Defendants' Motion to Stay Discovery (ECF No. 20) is **MOOT**.

4. It is also hereby **ORDERED** that the Plaintiff's Motion to Amend (ECF No. 24) is **DENIED** based on the Court's finding that it is untimely and futile.

/s/ George Z. Singal  
United States District Judge

Dated this 10th day of March, 2014.